IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00043-MR-WCM

| | |
|---|---|
| NORTH CAROLINA,[1] ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CHAD METZGER, ) <br> ) <br> Defendant. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on initial review of the Notice of Removal [Doc. 1] and the Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2].

I.   **STANDARD OF REVIEW**

Because the Defendant, who is proceeding *pro se*, seeks to proceed *in forma pauperis*, the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious and states a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston

---

[1] The Defendant's Notice of Removal lists other Plaintiffs; however, it is clear that he is attempting to remove a criminal prosecution.

Cnty., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners").

## II. BACKGROUND

On February 6, 2023, the Defendant was arrested and charged in the North Carolina General Court of Justice for Swain County, District Court Division, with failure to exhibit or surrender license in violation of N.C. Gen. Stat. § 20-29; driving while license revoked in violation of N.C. Gen. Stat. § 20-28(A); resisting a public officer in violation of N.C. Gen. Stat. § 14-223; and carrying a concealed weapon in violation of N.C. Gen. Stat. § 14-269(A). [Doc. 1-1 at 1]. The Defendant now purports to remove this action pursuant to 28 U.S.C. § 1446, which sets out the procedure for removal of civil, not criminal, actions. [Doc. 1 at 2]. The Defendant, however, attempts to characterize this action as a civil lawsuit brought pursuant to "28 U.S.C. § 1983,"[2] identifying officers of the Swain County Sheriff's Office and the Magistrate for the Swain County District Court as the "plaintiffs." [Id. at ¶¶ 4-5].

---

[2] No such provision of the United States Code exists. The Court assumes the Defendant meant to cite 42 U.S.C. § 1983.

2

Case 1:23-cv-00043-MR-WCM   Document 3   Filed 03/14/23   Page 2 of 5

## III. DISCUSSION

### A. Application to Proceed Without Prepaying Fees or Costs

The Plaintiff seeks to proceed in this action without the prepayment of fees or costs. Upon review of the financial information provided in the motion, the Court finds that the Plaintiff has adequately demonstrated that he is unable to make prepayment of the required fees and costs. Accordingly, the motion will be granted.

### B. Section 1915 Review

Although the Defendant characterizes the present action as a civil suit removed pursuant to 28 U.S.C. § 1446, the underlying action is a criminal prosecution. The procedure for the removal of criminal prosecutions to federal court is governed by 28 U.S.C. § 1455. Section 1455 provides that: "A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1455.

3

Limited grounds, set forth in 28 U.S.C. §§ 1442-43, permit the removal of a state-court criminal prosecution to federal court. The only arguably relevant ground for removal here is set forth in 28 U.S.C. § 1443(1), which permits the removal of a criminal prosecution of "any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." A removal petition under § 1443(1) must satisfy a two-pronged test: (1) "the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality'"; and (2) "the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" Johnson v. Mississippi, 421 U.S. 213, 219 (1975) (alteration in original) (quoting Georgia v. Rachel, 384 U.S. 780, 792, 803 (1966)). Here, the Defendant has not alleged the denial of any right to racial equality, nor has he alleged that he cannot enforce his right to racial equality in North Carolina state court. Accordingly, this action cannot be removed to federal court and the Court will remand the action to state court. See 28 U.S.C. § 1455(b)(4) ("If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.").

4

**IT IS, THEREFORE, ORDERED** that the Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Swain County General Court of Justice, District Court Division.

**IT IS SO ORDERED.**

Signed: March 12, 2023

Martin Reidinger
Chief United States District Judge